IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 5117 |
| ) | |
| NORTHEASTERN ILLINOIS UNIVERSITY, ) | |
| SHARON HAHS, MARK WILCOCKSON, ) | |
| DAVID JONAITIS, JAMES LYON, ) | |
| and ROBERT FILIPP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ann Weaver has sued her employer Northeastern Illinois University (NEIU) and several of its officials for discrimination based on race and national origin and (apparently) for retaliation for making complaints about discrimination. Ms. Weaver filed a *pro se* complaint on a form provided by the clerk's office for employment discrimination complaints. She checked off boxes on the form stating that she claims discrimination based on race, color, and national origin. Next to each of these boxes is a reference to Title VII of the Civil Rights Act of 1964 and another statute, 42 U.S.C. § 1981. The form also contains a paragraph stating, "[i]f the defendant is a state . . . governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983)."

The defendants have filed a motion to dismiss. In their motion, they refer to Ms. Weaver's claims only as claims under Title VII. They argue that Ms. Weaver did not

sue in timely fashion after receiving a "right to sue" notice from the EEOC. They contend that the EEOC issued a right to sue letter on March 6, 2007 and that Ms. Weaver did not file suit until August 20, 2009. Defendants also argue that the individual defendants may not be sued in a Title VII case because only the "employer" may be sued.

The Court appointed counsel to represent Ms. Weaver. Counsel argues that the right to sue letter attached to Ms. Weaver's complaint is dated May 21, 2009 and that she filed suit within ninety days of receiving it. Appointed counsel has not responded to the individual defendants' request to be dismissed from the Title VII claim.

Weaver alleges that she was and is "responsible for" the parking office at NEIU. She alleges that she has suffered discrimination and retaliation for "over 17 years." Compl., attachment, p. 1. She alleges, in summary, the following acts of discrimination or retaliation: creating a new position of "parking administrator" to which NEIU shifted her responsibilities, with criteria that excluded her from the position; depriving her and her department of sufficient resources and refusing to implement her plans; removing job duties from her; changing her position from a management position to a clerical position "that they knew I would max out in the salary ranges and lose salary increases"; denying her a promotion; and various acts of retaliation against her family. *Id.*, pp. 1-8. Ms. Weaver provides dates for some but not all of these alleged acts. She makes reference to actions that occurred in 2008, 2009, and up to the present, but she also says that some of what she alleges "has been happening for years." *Id.*, p. 3.

1. **Statutory basis for plaintiff's claim**

The complaint clearly sets out a claim under Title VII, which applies to both non-

governmental and governmental employees.  The form complaint also makes reference to 42 U.S.C. § 1981.  But because NEIU is an agency of the State of Illinois, *see* 110 ILCS 680/25-1 *et seq.*, Ms. Weaver's remedy is under a different statute, 42 U.S.C. § 1983.  *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *N.N. ex rel. S.S. v. Madison Metro. Sch. Dist.*, No. 08-cv-581-bbc, 2009 WL 4067779, at *15 (W.D. Wis. Nov. 24, 2009).

For these reasons, the Court will consider Ms. Weaver to have asserted claims under Title VII and 42 U.S.C. § 1983.

**2.      Proper defendants**

Individuals, even supervisors and administrators, are not proper defendants in a claim under Title VII.  Rather, the only proper defendant is the plaintiff's employer, in this case NEIU.  *See, e.g., Silk v. City of Chicago*, 194 F.3d 788, 797 n. 5 (7th Cir. 1999).

Due to the Eleventh Amendment as the Supreme Court has interpreted it, a plaintiff cannot maintain in federal court a claim under section 1983 for damages against a state agency like NEIU.  *See, e.g., Porco v. Trs. of Indiana Univ.*, 453 F.3d 390, 395 (7th Cir. 2006).  She may, however, maintain a section 1983 claim against the administrator of the agency for prospective injunctive relief.  *See Ex parte Young*, 209 U.S. 123 (1908); *see also, e.g., Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003).  She may also sue the individual defendants in their individual capacities for damages under section 1983.

3

### 3. Timeliness

A plaintiff in a Title VII case must file a charge of discrimination with the appropriate administrative agency within 180 days after the allegedly unlawful employment practice (or 300 days in some cases) and must file suit in court within 90 days after receipt of a notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1). These time periods are statutes of limitations, not jurisdictional requirements, and as such they are subject to equitable tolling. *See, e.g., Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000). The statute of limitations for Ms. Weaver's section 1983 claim is two years. *See, e.g., Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007).

Because the time limits at issue are not jurisdictional, the defendants' motion makes sense only as a motion to dismiss for failure to state a claim under Rule 12(b)(6). A court considering such a motion must accept the facts alleged in the complaint as true and draw reasonable inferences in favor of the plaintiff. *See, e.g., Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 579 F.3d 811, 820 (7th Cir. 2009). Nothing in Ms. Weaver's complaint indicates that she filed suit more than ninety days after receiving the only notice of right to sue that the complaint references, which is dated May 21, 2009. Defendants indicate that Ms. Weaver was given a notice of right to sue back in 2007, but if that is so, the Court cannot make that determination on the current state of the pleadings.

It is conceivable that some of what Ms. Weaver is alleging took place more than 180 days before she February 21, 2007, the date she alleges she filed an administrative charge with the EEOC. *See* Compl. ¶ 7.1(l). But the Court cannot make

4

that determination on the present record. In addition, Ms. Weaver's complaint clearly refers to conduct that she alleges took place after 2007.

In short, the Court cannot adjudicate the timeliness of Ms. Weaver's claims on the record as it now exists.

## Conclusion

For the reasons described above, the Court dismisses plaintiff's Title VII claim as to defendants Hahs, Wilcockson, Jonaitis, Lyon, and Filipp. The Court dismisses plaintiff's claim under 42 U.S.C. § 1983 only to the extent that it seeks damages from defendant Northeastern Illinois University. The Court directs the defendants to answer the remaining claims on or before April 16, 2010. The case is set for a status hearing on April 21, 2010 at 9:30 a.m. for the purpose of setting a discovery schedule. Counsel for both sides are directed to confer prior to that date to attempt to agree on a schedule to propose to the Court.

_____
    MATTHEW F. KENNELLY
    United States District Judge

Date: March 25, 2010